IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRAVIS LOWE, #K8374                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:04CV992BN

KELLY YORK, MICHAEL MADDEN,
UNKNOWN CLEMENS, MIKE JONES,
C/O HARVEY, C/O HORN, A/C CARR
AND A/C ALEXANDER                                    DEFENDANTS

## OPINION AND ORDER

THIS CAUSE is before the Court on the Defendants Phyllis Alexander and Christopher Carr's Motion for Summary Judgment [#27], filed December 12, 2005, the Plaintiff's response filed January 27, 2006, and the Defendants' reply filed February 1, 2006. Pursuant to a consent executed by all parties, and by Order filed September 6, 2005, District Judge William H. Barbour, Jr., assigned this case to the undersigned to conduct all further proceedings, including the entry of judgment, pursuant to 28 U.S.C. § 636 (c)(4) and FED. R. CIV. P. 73(d). Having considered the Motion, and all attachments, the Plaintiff's response, as well as supporting and opposing authority, the Court finds that the Motion for Summary Judgment is not well taken and should be denied.

This is a prisoner excessive force case, and rarely could such factual disputes be resolved by Affidavit and a judgment at law. These Defendants contend that they did **not** assault the Plaintiff, and he contends that they **did**.

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith

1

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).

Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962). In this case, the Affidavits do convince the Court that it is improbable that the Plaintiff will prevail against these two Defendants Carr and Alexander. However, the Plaintiff testified that both these Defendants, including six

2

other officials, assaulted him, or at least conspired to assault him.  This case is factual in nature and cannot be resolved by the Court through Affidavit alone.

The Plaintiff has not filed rebuttal Affidavits specifically denying each contention contained in the Defendants' Affidavits. However, he has filed a lengthy "Memorandum Brief In Support of Plaintiff Challenging Defense Motion for Summary Judgment." Liberally construed, this Affidavit, in conjunction with his sworn testimony at the omnibus hearing, is sufficient to create a genuine issue of material fact.   The Plaintiff is prosecuting this case *pro se.*   Therefore, his pleadings must be liberally construed. <u>Pena v. United States of America</u>, 122 F.3d 3, 4 (5th Cir. 1997).

For these reasons, and supported by the analysis contained herein, the Defendants' Motion for Summary Judgment shall be denied.

IT IS THEREFORE ORDERED that the Defendants Phyllis Alexander and Christopher Carr's Motion for Summary Judgment [#27], filed December 12, 2005, is **denied.**

IT IS FURTHER ORDERED that the Defendants notify the Court of the last known addresses of the named Defendants Kelly York, Michael Madden, Unknown Clemens, Mike Jones, and C/O Horn.  The Court will direct the U. S. Marshal Service to again attempt to serve these named Defendants.  If these persons are still employed by MDOC or other correctional facility, this fact should be reported.

SO ORDERED this the 16th day of February, 2006.

3

S/ Alfred G. Nicols, Jr.
UNITED STATES MAGISTRATE JUDGE